[No. 3303. Decided June 27, 1899.]

FRANCIS T. MUHLENBERG, *Appellant,* v. THE CITY OF TACOMA *et al., Respondents.*

EVIDENCE—TIME OF PRESENTATION OF WARRANTS—EFFECT OF TREAS-
URER'S INDORSEMENT.

The mere manual indorsement of city warrants by a treasurer, "Not paid for want of funds," is simply a ministerial act; and, whether made at the time of presentation or subsequent to his term of office, would be, at most, but evidence of their presentation.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Reversed.

*John A. Shackleford, Crowley & Grosscup,* and *Bogle & Richardson,* for appellant.

*W. H. Pritchard, Walter M. Harvey,* and *John Leo,* for responodents.

The opinion of the court was delivered by

DUNBAR, J.—This case, on the main question involved, is identical with the case of *New York Security & Trust Co. v. Tacoma* (just decided), *ante,* p. 303. In other respects, without entering into a discussion of them, the court rightfully sustained plaintiff's demurrer to defendants' sixth, seventh, eighth and ninth partial defenses. We also think the warrants issued directly to Boggs were

legitimate and legal. So far as the question is concerned of when a certain amount of warrants, consisting of about $35,000, sold to the Columbia National Bank, were presented for payment, it seems to us that the testimony tending to show that they were not presented at the time the indorsement indicates is exceedingly unsatisfactory. The ex-treasurer's testimony, as first given, was to the effect that all of the warrants in identification 1, including in the aggregate something like $35,000; and a batch of warrants of the aggregate value of $30,000, deposited in the German-American Bank, were not indorsed "Not paid for want of funds" until after the expiration of his term of office, and this testimony was positive. He afterwards admitted that he was mistaken as to the whole amount of the $30,000 worth of warrants deposited in the German-American Bank, and as to some $6,000 worth of warrants deposited in the Columbia National Bank and embraced in identification 1, and was not certain as to some other warrants. Even if such unsatisfactory testimony were to be allowed to overcome the verity imputed to the record as shown by the warrants themselves, with the view we have taken of the transaction, the mere manual indorsement of them by the treasurer was simply a ministerial act, which was, at the most, but evidence of their presentation, and, according to the treasurer's own testimony, the actual presentation had been made before. The judgment will be reversed, with instructions to grant the relief prayed for by the complaint.

GORDON, C. J., and ANDERS and FULLERTON, JJ., concur.